IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| BRIAN EUGENE TAYLOR, PRO SE, TDCJ-CID No. 1919122, §§§§§ Plaintiff, v. DIANE HONEA, §§§§§ Defendant. | 2:16-CV-0059 |

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

Plaintiff BRIAN EUGENE TAYLOR, acting *pro se* and while a prisoner incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, Section 1983 complaining against the above-referenced defendant and has been granted permission to proceed *in forma pauperis*.

Plaintiff alleges that, on March 24, 2015, he was sitting in the chow hall when defendant pulled a chair out from under him, hitting him in the leg and causing an abrasion. Plaintiff says he was taken to the infirmary where a note was made of his abrasion.

Plaintiff requests that defendant HONEA be removed from her job and ordered to pay him for his pain and suffering, as well as court costs and fees.

## JUDICIAL REVIEW

When a prisoner confined in any jail, prison, or other correctional facility brings an action with respect to prison conditions under any federal law, the Court may evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is

frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The United States District Judge has reviewed plaintiff's pleadings and has viewed the facts alleged by plaintiff to determine if his claim presents grounds for dismissal or should proceed to answer by defendants.

## THE LAW AND ANALYSIS

To the extent plaintiff is demanding defendant HONEA be fired from her job, the federal courts are not personnel directors of state prison systems, and such relief is therefore unattainable in this action. *See, Maxton v. Johnson,* 488 F.Supp. 1030, 1032, n. 2 (D.S.C.1980), citing *United States v. White County Bridge Commission,* 275 F.2d 529, 535 (7th Cir.) (a federal district court lacks the inherent power to hire or remove officials not within the executive control of that federal district court), *cert. denied sub nomine, Clippinger v. United States,* 364 U.S. 818, 81 S.Ct. 50, 5 L.Ed.2d 48 (1960).

Plaintiff's remaining request is for monetary relief in an unspecified amount.

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see, Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2] *Cf, Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

The malicious and sadistic use of force to cause harm violates contemporary standards of decency; however, not every malevolent touch, push, or shove by a prison guard gives rise to a federal cause of action. *Hudson v. McMillian*, 503 U.S. 1, 112 S.Ct. 995, 1000, 117 L.Ed.2d 156 (1992). A use of force which is not "repugnant to the conscience of mankind," *Whitley v. Albers*, 475 U.S. 312, 327, 106 S.Ct. 1078, 1088, 89 L.Ed.2d 251 (1986), is excluded from the Eighth Amendment's prohibition of cruel and unusual punishment and is considered to be *de minimis*.

In the instant case, accepting plaintiff's allegations as true, the Court finds no use of force repugnant to the conscience of mankind is evident here. *Compare, Olson v. Coleman*, 804 F.Supp. 148, 150 (D.Kan. 1992) (finding a single blow to the head causing a contusion to be *de minimis* and not repugnant) and *Candelaria v. Coughlin*, 787 F.Supp. 368, 374 (S.D.N.Y. 1992) (allegation of single incident of guard using force to choke inmate distinguished from injuries alleged in *Hudson*), both cited with approval in *Jackson v. Culbertson*, 984 F.2d 699, 670 (5th Cir. 1993) (spraying inmate with fire extinguisher found to be de *minimis* and not repugnant to conscience of mankind); see, *also, Knight v. Caldwell*, 970 F.2d 1430, 1432-33 (5th Cir. 1992) (interrogatory in civil rights suit requiring jury to determine whether arrestee suffered "injury" as result of alleged use of excessive force before considering issue of damages found reasonable and not plain error). The force of which plaintiff complains is clearly *de minimis* and outside the scope of the Eighth Amendment.

The Prison Litigation Reform Act of 1995 (PLRA) requires a showing of injury which, while it need not be significant, must be more than merely *de minimis*. *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). The single abrasion plaintiff has alleged is clearly *de minimis* and will not support a valid Eighth Amendment claim. *Id.* Consequently, plaintiff's claim lacks an

3

arguable basis in law and is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

## CONCLUSION

Pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c)(1),

IT IS HEREBY ORDERED that the Civil Rights Complaint filed pursuant to Title 42, United States Code, Section 1983, by plaintiff BRIAN EUGENE TAYLOR is DISMISSED WITH PREJUDICE AS FRIVOLOUS.

LET JUDGMENT BE ENTERED ACCORDINGLY.

A copy of this Order shall be mailed to plaintiff and to any attorney of record by first class mail. The Clerk shall also mail copies of this order to TDCJ-Office of the General Counsel, P.O. Box 13084, Austin, TX 78711; and to the Pro Se Clerk at the U.S. District Court for the Eastern District of Texas, Tyler Division.

It is SO ORDERED.

Signed this the _____ 6th day of April, 2016.

MARY LOU ROBINSON
United States District Judge